**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

VICKIE PEROSI,          )
                                )
                 Plaintiff,    )
                                )
v.                            )     Case No. CIV-10-590-CH
                                )
MICHAEL J. ASTRUE,     )
COMMISSIONER OF THE SOCIAL  )
SECURITY ADMINISTRATION,   )
                                )
               Defendant.   )

## MEMORANDUM OPINION AND ORDER

Plaintiff appears in this matter as the substituted party for her deceased husband, Robert D. Perosi.  Plaintiff seeks judicial review of a denial of disability insurance benefits (DIB) by the Social Security Administration.  Pursuant to 28 U.S.C. § 636(c), the parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge.  Based on the Court's review of the record and issues presented, the Court reverses the Commissioner's decision and remands this case for further administrative proceedings consistent with this Memorandum Opinion and Order.

## I.    Procedural Background

Mr. Perosi filed applications for DIB and supplemental security income (SSI) in October 2004, alleging a disability onset date of April 1, 1999.  *See* Administrative Record [Doc. #13] (AR) 72-74. The Social Security Administration denied his applications initially and on reconsideration.  AR 43-44.  On September 6, 2007, an Administrative Law Judge

(ALJ) conducted an administrative hearing. On October 2, 2007, the ALJ issued an unfavorable decision. AR 26-34. Thereafter, on August 19, 2009, Mr. Perosi died. AR 12. On April 1, 2010, the Appeals Council denied Mr. Perosi's request for review and dismissed his claim for SSI. AR 2-8. This appeal followed.

## II. The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520; 416.920. The ALJ first determined that Mr. Perosi had not engaged in substantial gainful activity since the alleged onset date. AR 28. At step two, the ALJ determined that Mr. Perosi has the following severe impairment: degenerative disc disease. AR 28. At step three, the ALJ found that Mr. Perosi's impairment does not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 30.

The ALJ next determined Mr. Perosi's residual functional capacity (RFC) finding he had the capacity to perform the full range of medium work. AR 30. At step four, the ALJ concluded that Mr. Perosi can perform his past relevant work as a machinist, maintenance mechanic, and welder's helper. AR 33. The ALJ made an alternative finding at step five that Mr. Perosi could perform other work, to the extent the full range of medium work "has been impeded by additional limitations" and that this other work exists in significant numbers in the national economy. AR 33-34. The ALJ concluded, therefore, that Mr. Perosi is not disabled.

## III.     Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## IV.     Claims Raised on Appeal

Plaintiff raises two claims on appeal: (1) the ALJ erred as a matter of law in failing to properly evaluate the medical opinion evidence; and (2) the ALJ's RFC determination is legally flawed and not supported by substantial evidence.

V.   **Analysis**

A.     **Claim One: The ALJ's Evaluation of the Medical Opinion Evidence**

As her first claim of error, Plaintiff contends the ALJ failed to properly evaluate the medical opinion evidence.  Specifically, Plaintiff contends the ALJ did not address the opinions of two state agency consultants, Dr. Swink and Dr. Shadid, regarding Mr. Perosi's mental limitations and further the ALJ did not address the opinion of the medical expert, Dr. Krishnamurthi, regarding Mr. Perosi's physical limitations.

As a preliminary matter, however, Plaintiff contends any attempt by the Appeals Council to negate the ALJ's errors is of no legal consequence.[1]  Plaintiff is correct.  When

---

[1]The Appeals Council made the following statement in denying Mr. Perosi's request for review:

In looking at your case, we considered the reasons you disagree with the decision.

We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

The decision adequately addressed Dr. Meyers' opinion.  Dr. Swink provided the residual functional capacity at Part III and not Part II as noted by counsel.  The medical expert's (ME) evaluation occurred in 2007 which was after the deceased's date last insured (DLI).  The ME referred to certain impairments prior to the DLI but they were considered by the state agency in their assessment that covered the period through the DLI and was supported by extensive rationale that was missing from the ME report.  Therefore, it was appropriate for the decision to assign more weight to the state agency.

The Council notes that the ME limited the deceased to a range of sedentary work.  Such assessment does not necessarily lead to a conclusion for disability for the period through the DLI.  At the time of the DLI, the deceased was still considered in the younger person age category.  Even if limited to sedentary work, medical vocational rule 201.28 provides a framework for decision making that the deceased was not disabled.  In any event, the ME opinion is not supported for the period

(continued...)

4

a claimant seeks review by the Appeals Council, the Council first must either grant or deny review. If the Appeals Council denies review, the denial renders final the decision of the ALJ. *See* 20 C.F.R. §§ 404.981; *see also Sims v. Apfel*, 530 U.S. 103, 107 (2000) ("[I]f, as here, the Council denies the request for review, the ALJ's opinion becomes the final decision."). As the Seventh Circuit explained in *Damato v. Sullivan*, 945 F.2d 982 (7th Cir. 1991):

> When the Appeals Council *denies* review in accordance with its discretion under 20 C.F.R. § 416.1467, the rationale for requiring articulation of its reasoning is absent, since the denial is not subject to judicial review – if the Appeals Council *denies* a request for review, the ALJ's decision becomes the final decision of the Secretary . . . , and judicial review is available only for final decisions of the Secretary.

*Id*. at 988 (citations omitted). *See also Bowles v. Barnhart* 392 F.Supp.2d 738, 742 (W.D.Va. 2005) ("It is the decision of the ALJ, and not the procedural decision of the Appeals Council to deny review, that is subject to judicial scrutiny.") (*citing* 20 C.F.R. §§ 404.967-981, 416.1467-1481 (2004)). The Court's review, therefore, is limited to the reasons set forth in the ALJ's administrative decision, not any additional rationale supplied in the Appeals Council's denial of Mr. Perosi's request for review.

Turning now to the ALJ's decision and his treatment of the medical opinion evidence, the Court finds a remand is required. It is well-established under the Commissioner's

---

[1](...continued)
through the DLI, including the evidence regarding hepatitis and cervical disc degeneration as discussed in the decision.

AR 3.

regulations that every medical opinion in the record must be evaluated. *Salazar v. Barnhart*, 468 F.3d 615, 625-626 (10th Cir. 2006); 20 C.F.R. §§ 404.1527(d), 416.927(d) ("Regardless of its source, we will evaluate every medical opinion we receive."). Moreover, unless the opinion of a treating physician is given controlling weight, the ALJ must consider several factors in deciding the weight that should be given to any medical opinion. *See id.*

The ALJ considered the opinion of Mr. Perosi's treating physician, Dr. Myers, and expressly found "it cannot be given controlling weight because it is in conflict with Dr. Myers' own treatment records and inconsistent with the other substantial evidence as noted above." AR 32. Because the ALJ did not give Dr. Myers' opinion controlling weight, he was required to evaluate the other medical opinions in the record and consider the following factors in determining what weight to afford these opinions: "(1) the examining relationship; (2) the treatment relationship; (3) the length of the treatment relationship and the frequency of examinations; (4) the nature and extent of the treatment relationship: (5) how well the opinion is supported; (6) its consistency with other evidence; and (7) whether the opinion is from a specialist." *Salazar*, 468 F.3d at 626 (*citing* 20 C.F.R. § 416.927(d)(1) - (6)); *Hamlin v. Barnhart*, 365 F. 3d 1208, 1215 (10th Cir. 2004)). For the reasons discussed below, the ALJ failed to properly evaluate the opinions of Dr. Swink, Dr. Shadid and Dr. Krishnamurthi, requiring a remand. In making this determination the Court rejects the Commissioner's post-hoc justifications for the ALJ's inadequate analysis. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (the decision of the ALJ is "evaluated based solely on the reasons stated in the decision," without engaging in a post-hoc effort to salvage it); *see also Grogan*

*v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) ("[T]he district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.").

### 1.    **Consultative Examiner Dr. Swink**

In April 2007, Richard Swink, Ph.D., performed psychological testing of Mr. Perosi. AR 171-174.  Dr. Swink reached the following conclusions from that testing:

> In conclusion, Mr. Persi [sic] responded appropriately to this examination, other than in terms of appearing fatigued, forlorn, and physically haggard from his physical conditions, and indications of malingering.  He was able to think logically, focus attention and carry out basic instructions.  He evidences low average intellectual ability and similarly developed academic skills.  His response to self-report inventories gives a malingering profile, although he is being treated for anxiety and depression.  History is strong for anti-social behavior, and polysubstance addiction in alledged [sic] sustained long-term remission.  His MMPI-2 is invalid with strong indications of malingering.

AR 174. Dr. Swink then provided the following diagnostic impression: antisocial personality disorder; polysubstance dependence, alleged sustained full remission; and rule out malingering.  *Id.*  He further concluded that Mr. Perosi's "conditions appear chronic, and likely to continue for the next 12 months." *Id.*

Dr. Swink also completed a form checklist and found Mr. Perosi moderately limited in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances.  AR 176.  In addition, he found Mr. Perosi moderately limited in the ability to complete a normal workday and workweek without interruptions

from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. *Id.*

The ALJ makes two references to Dr. Swink's opinion. First, as part of the findings at step two of the sequential evaluation process, the ALJ concluded Mr. Perosi's depression "is mild and would have only a minimal affect [sic] on his ability to perform substantial gainful activity." AR 29. In support of this finding, the ALJ referenced Dr. Swink's testing and concluded that testing "showed the claimant was malingering with extreme exaggeration of psychopathology." AR 29. The ALJ next references Dr. Swink's opinion in the context of making his RFC determination. There, the ALJ essentially repeats his finding at step two when he states: "Testing on April 23, 2007, showed the claimant was malingering with extreme exaggeration of psychopathology." AR 32.

However, in relying exclusively on Dr. Swink's statements about malingering (which, it is important to note, Dr. Swink opined was a rule out diagnosis, *see* AR 174), the ALJ did not address other aspects of Dr. Swink's opinion. Significantly, as Plaintiff contends, even with the evidence of malingering, Dr. Swink opined Mr. Perosi had moderate limitations in certain mental functional areas. The ALJ did not address this evidence at all. And, the ALJ did not include any mental functional limitations in the RFC but found Plaintiff could perform the full range of medium work. AR 30.

The ALJ erred in addressing only certain aspects of Dr. Swink's opinion. "The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability." *Robinson v. Barnhart*, 366 F.3d at 1083. While the

8

ALJ cited Dr. Swink's statements about Mr. Perosi's malingering, he did not put those statements in context, nor did he specify what weight he was providing Dr. Swink's opinion. The ALJ's failure to fully and properly discuss Dr. Swink's opinion requires a remand.

### 2. Consultative Examiner Dr. Shadid

In December 2005, consultative examiner Tom F. Shadid, Ph.D., completed a mental residual functional capacity assessment. AR 188-190. Dr. Shadid opined Mr. Perosi was moderately limited in his ability to carry out detailed instructions and the ability to interact appropriately with the general public. AR 188, 189. The ALJ's opinion contains no reference to Dr. Shadid's opinion. The Commissioner provides a litany of reasons why Dr. Shadid's opinion was not entitled to any weight. As set forth above, such post-hoc rationale is prohibited. The weight, if any, to be given Dr. Shadid's opinion is a determination the ALJ must make with specific rationale supporting that determination. On remand, the ALJ must properly address Dr. Shadid's opinion.

### 3. Medical Expert Dr. Krishnamurthi

In January 2007, Dr. Krishnamurthi provided an expert opinion and completed a Physical Medical Source Statement. AR 165-170. Dr. Krishnamurthi opined that in an 8-hour workday, Mr. Perosi can sit 1 hour at a time, stand 10-30 minutes and walk 10-30 minutes. He further opined Mr. Perosi can sit a total of 6 hours in an 8-hour workday, stand 1 hour and walk 1 hour. AR 168. In addition, Mr. Perosi could never lift or carry more than 10 pounds. *Id*. Dr. Krishnamurthi further opined Mr. Perosi could occasionally bend, squat,

crawl, climb and reach.  AR 169.  Dr. Krishnamurthi cited objective medical evidence in support of his findings.  AR 169-170.

The ALJ's opinion contains no reference to Dr. Krishnamurthi's opinion.  The functional limitations found by Dr. Krishnamurthi's are at odds with the ALJ's RFC determination that Mr. Perosi can perform the full range of medium work.[2]  Although the Commissioner argues that Dr. Krishnamurthi's opinions are not entitled to any weight, that determination must be made, in the first instance, by the ALJ.  The post-hoc justifications offered by the Commissioner, therefore, are rejected.  On remand, the ALJ must conduct a proper analysis which provides specific reasons for the weight, if any, provided to Dr. Krishnamurthi's opinion.

## B.    Claim Two: The ALJ's RFC Determination

As her second claim of error, Plaintiff contends the ALJ's RFC determination is legally flawed and not supported by substantial evidence.  Specifically, Plaintiff claims the RFC should have included  mental and physical limitations as supported by the evidentiary record and specifically references the medical opinions of the physicians set forth above.

In light of the recommended disposition of the issues raised in Plaintiff's first claim for relief, the Court will not consider Plaintiff's additional challenge to the ALJ's RFC assessment as raised in claim two.  The ALJ's RFC determination may be affected by the

---

[2]*See* 20 C.F.R. §§ 404.1567(c), 416.967(c); *see also* Soc. Sec. Rul. 83-10, 1983 WL 31251 at *6.

ALJ's treatment of the medical opinions on remand.  *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

**VI.** **Conclusion**

The decision of the Commissioner is reversed and the cause is remanded for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED this __10th__ day of June, 2011.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE